IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS & BETTS INTERNATIONAL, LLC and THOMAS & BETTS CORPORATION, | : : : | Civil Action No.: |
| Plaintiffs, | : : | |
| v. | : : | |
| CALPIPE INDUSTRIES, INC., | : : | JURY TRIAL DEMANDED |
| Defendant. | : | |

COMPLAINT

Plaintiffs, Thomas & Betts International, LLC ("TBI") and Thomas & Betts Corporation ("TBC") (collectively "Thomas & Betts"), by way of Complaint against Defendant, Calpipe Industries, Inc. ("Calpipe"), alleges and states:

THE PARTIES

1. Plaintiff TBC is a corporation organized and existing under the laws of the State of Tennessee, having a place of business at 8155 Thomas & Betts Boulevard, Memphis, Tennessee 38125.

2. Plaintiff TBI is a limited liability corporation organized and existing under the laws of the State of Delaware, having a place of business at 501 Silverside Road, Suite 67, Wilmington, Delaware 19809.

3. Upon information and belief, Defendant Calpipe is a corporation organized and existing under the laws of the state of California, having a place of business at 19440 Dominguez Hills Drive, Rancho Dominguez, California 90220.

## NATURE OF THIS ACTION

4. This is a civil action for infringement of U.S. Patent No. 7,638,713 (the `713 Patent) arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), and 35 U.S.C. § 281.

6. This Court has personal jurisdiction over the Defendant because, upon information and belief, Calpipe has conducted business and commercial activities in this District and elsewhere in the United Sates, and/or committed acts of patent infringement in this District and elsewhere in the United States.

7. This Court also has personal jurisdiction over Calpipe because, among other things, Calpipe has established minimum contacts within the forum such that the exercise of jurisdiction over Calpipe will not offend traditional notions of fair play and substantial justice. On information and belief, Calpipe has placed products that practice the claimed invention of the `713 Patent into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products were located within this Judicial District.   On information and belief, Calpipe sold, advertised, marketed, and distributed in this Judicial District products that practice the claimed invention of the `713 Patent.

8. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1291(b), 1391(c) and/or § 1400(b).

## THE `713 PATENT

9. TBI is the owner by assignment of all right, title and interest in and to the `713 Patent entitled, "Conduit Body Assembly With Sealed Cover" which issued on December 29, 2009.   A copy of the `713 Patent is attached hereto as Exhibit A.

10. TBC is a licensee of TBI under the `713 Patent. The license agreement between TBI and TBC specifically grants TBC the right to bring and prosecute legal action for infringement of the `713 Patent.

11. Pursuant to the license agreement with TBI, TBC manufactures, distributes, markets and sells conduit body assemblies under the trademark OCAL® which are covered by the claims of the `713 Patent. A catalog page illustrating the OCAL® conduit bodies covered by the `713 Patent is attached as Exhibit B.

## COUNT FOR PATENT INFRINGEMENT

12. Thomas & Betts repeats and realleges the allegations contained in paragraphs 1-11 above as if fully set forth herein.

13. On information and belief, Calpipe makes, uses, imports, offers for sale and/or sells conduit body assemblies with sealed covers under the trademark CALBOND® (hereinafter "the accused product") which products are covered by the claims in the `713 Patent.

14. On information and belief, one of the accused products is identified by Calpipe as a "Calbond™ PV0700T28 (T28 3/4" Form 8 T Body - PVC Coated)," a photograph of which is attached as Exhibit C. On information and belief, Calpipe offers for sale and sells accused products, such as "Calbond™ PV0700T28 (T28 3/4" Form 8 T Body - PVC Coated)," in this Judicial District and throughout the United States.

15. The manufacture, importation, offer for sale and/or sale of the accused products by Calpipe in this Judicial District and elsewhere in the United States constitutes direct infringement of the `713 Patent.

16. Calpipe's infringement of the `713 Patent has been in violation of the patent rights of Thomas & Betts and it is believed that Calpipe will continue to infringe the patent rights of Thomas & Betts unless enjoined by this Court.

17. On information and belief, Calpipe's acts of infringement have been willful and deliberate, with full knowledge of the patent rights of Thomas & Betts in the `713 Patent.

18. As a result of Calpipe's infringement of the `713 Patent, Thomas & Betts has been damaged and will continue to be damaged in an amount to be determined at trial. Thomas & Betts has suffered and will continue to suffer irreparable injury unless the infringing activities of Calpipe are enjoined.

19. By virtue of Calpipe's willful and deliberate infringement, this in an "exceptional case" within the meaning of 35 U.S.C. § 285.

## DEMAND FOR RELIEF

WHEREFORE, Thomas & Betts prays for the following relief:

A. Judgment for Thomas & Betts on its cause of action for patent infringement.

B. Preliminary and permanent injunction enjoining Calpipe, its officers, directors, agents and employees and all those in active concert or participation with them who receive actual notice of the judgment by personal service or otherwise, from making, using, importing, offering for sale, and selling infringing conduit body assemblies having a sealed cover and from otherwise infringing, contributing to infringement and actively inducing infringement of the `713 Patent.

C. An award of compensatory and punitive damages to Thomas & Betts by reason of the wrongs committed by Calpipe, including an award of increased damages pursuant to 35 U.S.C. § 284, for Calpipe's willful and deliberate patent infringement.

D. An award of interest and costs of this action together with Thomas & Betts attorney's fees pursuant to 35 U.S.C. § 285.

E. Such other and further relief as this Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

Dated:   2/26/2015

s/Amy M. Pepke/
Amy M. Pepke (BPR # 018174)
E-Mail:   amy.pepke@butlersnow.com
Clifford Ragsdale Lamar, II (BPR # 032215)
E-Mail:   dale.lamar@butlersnow.com
Butler Snow LLP
Crescent Center
6075 Poplar Avenue, Suite 500
P.O. Box 171443
Memphis, TN 38187-1443
Telephone:   901.680.7200
Facsimile:   901.680.7201

Of Counsel:

Glenn T. Henneberger (*pro hac* to be filed)
E-Mail:   gthdocket@hbiplaw.com
Hoffmann & Baron, LLP
6900 Jericho Turnpike
Syosset, New York 11791
Telephone:   516.822.3550
Facsimile:   516.822.3582

Attorneys for Plaintiffs THOMAS & BETTS INTERNATIONAL, LLC and THOMAS & BETTS CORPORATION

ButlerSnow 24954108v1